# Exhibit "A"

Case 7:07-cv-10711-KMK    Document 1-2    Filed 11/30/2007    Page 1 of 5

SUPREME COURT-STATE OF NEW YORK
IAS PART-ORANGE COUNTY

Present: HON. NICHOLAS DE ROSA, A.J.S.C.

SUPREME COURT : ORANGE COUNTY
-----------------------------------------x
In the Matter of the Application of
MEHLON TRUCKING, INC.,

              Petitioner-Plaintiff,

-against-

PLANNING BOARD OF THE TOWN OF
MONTGOMERY and JOHN L. BROWN[1], as
Chairman of the Town of Montgomery
Planning Board,

              Respondents-Defendants.
-----------------------------------------x

To commence the statutory time period for appeals as of right (CPLR 5513 [a]), you are advised to serve a copy of this order, with notice of entry, upon all parties.

Index No. 2713-2007
Motion Date: Aug. 31, 2007

The following papers numbered 1 to 13 were read on this motion by respondents-defendants for an order dismissing the petition-complaint and this cross-motion by petitioner-plaintiff for an order granting leave to join a party respondent-defendant:

Notice of Petition-Summons-Petition-Affidavit-Exhibits A-OOO......1-4
Notice of Motion-Affidavit-Exhibits A-F............................5-7
Notice of Cross-Motion-Affirmation.................................8-9
Affirmation.........................................................10
Memoranda of Law................................................11-13

    Upon the foregoing papers it is ORDERED that the motion by respondents-defendants (hereinafter "defendants") is denied and the cross-motion by petitioner-plaintiff (hereinafter "plaintiff") is granted, and plaintiff is granted leave to join the Town of Montgomery Town Board and the Town of Montgomery as parties by

---

[1] Petitioner-plaintiff named one Edward Beaumont as a party respondent as Chairman of the Town of Montgomery Planning Board. Respondents-defendants advise that the Chairman is the above-named person and have, in effect, stipulated to join him as a party. The caption of the proceeding-action is amended accordingly.

1

serving a supplemental summons and amended petition-complaint, along with all other papers filed in this matter pursuant to CPLR 311 within twenty days of the date of this short form order. This matter is placed on the calendar of the undersigned for December 20, 2007 for further proceedings or such other date as the parties may stipulate in writing.

Plaintiff seeks judgment, *inter alia*, in the nature of mandamus directing the defendant Planning Board to render a determination regarding its application for a special exception use permit for which it originally applied in 1988. Since the history of this matter is approaching a twenty year anniversary, the initiating pleading and its accompanying exhibits are voluminous and the court finds it unnecessary at this juncture of the litigation, which is pre-answer, to discuss the factual history except as it pertains to defendants' motion to dismiss the petition-complaint.

Defendants move to dismiss the petition-complaint on the ground that plaintiff failed to exhaust its administrative remedies. This claim is premised upon a 2005 ruling of the Town of Montgomery Building Inspector that plaintiff's application for a special exception use permit for removal of sand and gravel should have been an application for a quarry which is no longer a permitted use in the zone where plaintiff's property is located and that plaintiff needed to obtain a use variance and that plaintiff's application had been abandoned. Defendants argue that plaintiff should have appealed this determination to the Town of Montgomery Zoning Board of Appeals and

2

that its failure to do so is fatal to this matter. As plaintiff notes in reply, however, the basis for the Building Inspector to interject herself into plaintiff's pending application before the Planning Board and deem it abandoned is unclear. Moreover, plaintiff seeks a declaratory judgment that the provision of the Town of Montgomery Zoning Law upon which the Building Inspector relied has been preempted by State law. Accordingly, the court will not dismiss this matter on that ground.

Defendants' claim that a necessary party has not been joined has been rendered moot by plaintiff's cross-motion.

Finally, although the court agrees with defendants that plaintiff's claims under the Federal Constitution must meet a high burden of proof to be successful, (see Bower Associates v Town of Pleasant Valley, 2 NY3d 617), the pleading is sufficient to withstand a motion to dismiss it. Plaintiff is claiming, after all, that mandamus to compel lies to order the defendant Planning Board to issue it the permit. These claims are not subject to the notice of claim requirements of the General Municipal Law (see Pendleton v City of New York, __ AD3d __, 2007 WL 2954198, 2007 NY Slip Op. 07677 [2nd Dept. 10/9/2007]) and defendants' claims to the contrary are without merit.

The foregoing constitutes the decision and order of the court.

Dated: October 5, 2007        E N T E R
       Goshen, New York
                              _____
                              HON. NICHOLAS DE ROSA, A.J.S.C.

3

```
TO: JEFFREY RUSSELL WERNER, ESQ.
    Attorney for Petitioner-Plaintiff
    5031 Route 9W
    Newburgh, New York 12550

    MIRANDA, SOKOLOFF, SAMBURSKY, SLONE, VERVENIOTIS, LLP
    Attorneys for Respondents-Defendants
    240 Mineola Avenue
    Mineola, New York 11501
```