# Exhibit "RR" to
## Amended Verified Petition

NEW YORK STATE
**DEPARTMENT OF ENVIRONMENTAL CONSERVATION**
In the Matter of Violations of Article 23 and 71 of the Environmental
Conservation Law ("ECL"), and Parts 422 of Title 6 of the New York    **ORDER ON**
Codes, Rules, and Regulations (NYCRR) committed by    **CONSENT**

Leon Mehl and Mehlon Trucking, Inc.

Case No.
R3-20010308-30

Respondents.

---

**WHEREAS:**

1. The New York State Department of Environmental Conservation ("Department") has jurisdiction over mined land reclamation in the State of New York pursuant to Article 23 of the Environmental Conservation Law (the "ECL") and the rules and regulations promulgated pursuant thereto ("6 NYCRR").

2. Respondents are the owner and operator of the facility known as the Kings Hill Rd. Shale Mine, located at Kings Hill Rd. in the Town of Montgomery, Orange County. (the "Facility"). Hereinafter, the use of the term "Respondent" shall refer to both Respondents.

3. DEC has determined on 3/1/2001, that Respondent has violated ECL § 71-1305(3) by the following conduct: **Abandoning a Mine**.

4. ECL § 71-1307 provides for the assessment of a civil penalty of up to $5,000.00 plus $1,000.00 per day for each day that the violation continues, for each violation of any rule or regulation promulgated, or Order issued, pursuant to Article 23 of the ECL, and in addition provides that such violation may be enjoined, and that the Respondent may be directed to cease the violation and reclaim and repair the affected site to a condition acceptable to the Commissioner.

5. Respondents affirmatively waived their right to notice and hearing in the matters set forth above and has consented to the issuing and entering of this Order and agrees to be bound by the terms, provisions and conditions contained herein.

**NOW, THEREFORE, IT IS ORDERED THAT:**

I.    **PENALTY**

With respect to the violations identified in Paragraph 3 of this Order, the Department hereby assesses against Respondent a civil penalty in the amount of three thousand dollars ($3,000.00) of which amount Respondent shall pay by money order or certified check to the Department's order, upon Respondent's return of an executed copy of this Order to the Department.

Stipulated Penalties. In the event Respondent fails to timely comply with any of the requirements established by the Schedule of Compliance or any provision of this Order, the following stipulated daily penalties shall be due and payable by Respondent:

| | |
|---|---|
| 1st to 30th day | $ 50.00 |
| 31st day to 60th day | $ 100.00 |
| each day thereafter | $ 200.00 |

In the event that the Department determines that Respondent has violated any provision of this Order, the Department may serve upon Respondent a notice of noncompliance which shall set forth the nature of the violation(s) and the calculation of the penalties due. Respondent shall deliver the full penalty amount to DEC within 15 business days after receipt of such notice. Such notice shall be deemed a part of this Order. Service of such notice may be by personal service or by certified mail return receipt requested (restricted delivery not required), or, if such service is refused or cannot be completed, by ordinary mail. Service shall be at the following address, unless Respondent hereafter notifies the Department in writing of a different address:

>Leon Mehl
>Mehlon Trucking Inc.
>557 Rock Cut Road
>Walden, New York 12586

Neither the Department's demand for payment of a stipulated penalty, nor Respondent's payment thereof, shall discharge Respondent from the obligation to comply with any obligation established under this Order. The assessment of stipulated penalties as set forth above shall not limit the Department's right to seek such other relief as may be authorized by law.

Review of Notice of Noncompliance. A notice of noncompliance which requires payment of penalties or cessation of operation shall be reviewable pursuant to Article 78 of the Civil Practice Law and Rules.

Failure to make penalty payment. In the event that the Respondent fails to pay any penalty due pursuant to this Order by the date due, and Respondent has not requested in writing and obtained, prior to such due date, a modification of that date, this Order together with a notice of noncompliance specifying the amount due may be filed and enforced by DEC as a civil judgment for the total penalty amount set forth in the notice of noncompliance, in the State of New York and in any other jurisdiction in which Respondent may reside, do business or have any assets, without the need for any further proceedings whatsoever.

With regard to any penalty due pursuant to this Order which is not paid by the specified due date, Respondent shall be liable for and shall pay interest from the due date at the rate specified by the New York Civil Practice Law and Rules for interest on a judgment.

Full settlement. The Department shall not institute any action or proceeding for penalties or other relief for the violations described above for so long as Respondent remains in compliance with this Order. Any failure by Respondent to comply fully with the terms of this Order may subject the Respondent to further enforcment action for the violations described above. Compliance with this Order shall not excuse nor be a defense to charges of any violations of the ECL or any regulation or permit issued thereunder, which may occur subsequent to the date of this Order.

II. **CORRECTIVE ACTIONS**

Respondent shall take the following corrective actions:

1. Cease all mining activity other than reclamation at the site.

2. Respondent shall submit a valid reclamation bond in the amount of $40,000 to the Department by May 1, 2002. The bond shall remain in effect until the Department determines that reclamation is approved.

3. Respondent has submitted an MLR permit application to resume mining at the site. Respondent will endeavor to timely respond to any Department requests for additional information necessary to process the application.

OR

4. If for any reason an MLR permit cannot be issued or local permits cannot be acquired, then Respondent must comply with the provisions of Section II 5, 6, 7 of this Order.

5. Provide the Department with a revised reclamation plan based on existing topography consistent with the standards of reclamation as stated in 6 NYCRR Part 422.3 within thirty (30) days of the Department's denial of the Respondent's MLR permit application or the denial of any local permit for this project.

6. Respondent shall submit any additional required information regarding the plan to the Department upon request within specified time frames. The Department will review the plan submission and inform the Respondent of acceptability.

7. Respondent shall complete reclamation of all affected areas within 2 years of the approval of the reclamation plan. Reclamation shall be inspected by the Department and must meet the standards of reclamation as stated in 6 NYCRR, Part 422.3.

### III.   SETTLEMENT and RESERVATION OF RIGHTS

A.   Upon completion of all obligations created in this Order, this Order settles only all claims for civil and administrative penalties concerning the violations described in Paragraph 3 of this Order against Respondent and its successors (including successors in title) and assigns.

B.   Except as provided in Subparagraph IV. A of this Order, nothing contained in this Order shall be construed as barring, diminishing, adjudicating or in any way affecting any of the civil, administrative, or criminal rights of the Department or of the Commissioner or his designee (including, but not limited to, nor exemplified by, the rights to recover natural resources damages and to exercise any summary abatement powers) or authorities with respect to any party, including Respondent.

### IV.   ACCESS

For the purpose of monitoring or determining compliance with this Order, employees and agents of the Department shall be provided access to any facility, site or records owned, operated, controlled or maintained by Respondent, in order to inspect and/or perform such tests as the Department may deem appropriate, to copy such records, or to perform any other lawful duty or responsibility.

### V.   FAILURE, DEFAULT AND VIOLATION OF ORDER

A.   Respondent's failure to comply with any provision of this Order shall constitute a default and a failure to perform an obligation under this Order and shall be deemed to be a violation of both this Order and the ECL.

B.   Respondent's failure to comply fully and in timely fashion with any provision, term, or condition of this Order shall constitute a default and a failure to perform an obligation under this Order and under the ECL and shall constitute sufficient grounds for revocation of any permit, license, certification, or approval issued to Respondent by the Department.

### VI.   INDEMNIFICATION

Respondent shall indemnify and hold harmless the Department, the State of New York, and their representatives and employees for all claims, suits, actions, damages and costs of every name and description arising out of or resulting from the fulfillment or attempted fulfillment of this Order by Respondent and its successors (including successors in title) and assigns.

### VII.   FORCE MAJEURE

If Respondent can not comply with a deadline or requirement of this Order, because of an act of God, war, strike, riot, catastrophe or other condition which is not caused by the negligence or misconduct of Respondent and which could not have been avoided by Respondent through the exercise of due

care, Respondent shall make its best effort to comply nonetheless and shall, within seventy-two hours (unless notice is required sooner by State or Federal law), notify the Department by telephone and in writing, pursuant to the communications provision of this Order, after it obtains knowledge of any such condition or event and request an appropriate extension or modification of this Order.

## VIII. BINDING EFFECT

The provisions of this Order shall inure to the benefit of and be binding upon the Department and Respondent and its successors (including successors in title) and assigns.

## IX. MODIFICATION

No change in this Order shall be made or become effective except as set forth by a written order of the Commissioner or the Commissioner's designee.

## X. ENTIRE ORDER

The provisions of this Order constitute the complete and entire Order issued to the Respondent concerning resolution of the violations identified in Paragraph 3 of this Order. No term, condition, understanding or agreement purporting to modify or vary any term hereof shall be binding unless made in writing and subscribed by the party to be bound, pursuant to Paragraph X of this Order. No informal oral or written advice, guidance, suggestion or comment by the Department regarding any report, proposal, plan, specification, schedule, comment or statement made or submitted by Respondent shall be construed as relieving Respondent of its obligations to obtain such formal approvals as may be required by this Order.

## XI. EFFECTIVE DATE

The effective date of this Order is the date that the Commissioner or his designee signs it. The Department will provide Respondent (or the Respondent's counsel) with a fully executed copy of this Order as soon as practicable after the Commissioner or his designee signs it.

## XII. AUTHORITY

The individuals who sign this Order represent that they have authority to bind the parties on whose behalf they have executed this Order.

DATE: _February 27_, 2002
New Paltz, New York

                                       ERIN M. CROTTY
                                       Commissioner

                                       New York State Department of
                                       Environmental Conservation

BY: _____
       Marc Moran
       Regional Director
       Region 3

This document has been reviewed by Region 3
Division of Legal Affairs and is approved as to form.

_____
Regional Attorney
Date: February 26, 2002

<u>CONSENT BY RESPONDENT</u> - Respondent hereby consents to the issuing and entering of this Order, waives Respondent's rights to notice and hearing herein, and agrees to be bound by the provisions, terms and conditions contained herein.

Respondent Mehlon Trucking, Inc.

BY: _____
   Leon Mehl

TITLE: _____

DATE:   February 26, 2002


STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF ULSTER     )


On this 26th day of February, in the year 2002, before me, the undersigned, personally appeared Leon Mehl, the _President_ of Mehlon Trucking, Inc., personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies) as shown in the instrument, and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public/State of New York

DOMINIC R. CORDISCO
Notary Public, State of New York
No. 02CO5041831
Qualified in Orange County
My Commission Expires 5/7/03

CONSENT BY RESPONDENT - Respondent hereby consents to the issuing and entering of this Order, waives Respondent's rights to notice and hearing herein, and agrees to be bound by the provisions, terms and conditions contained herein.

_____
Respondent Leon Mehl

DATE:   February 26, 2002

STATE OF NEW YORK            )
                             ss.:
COUNTY OF ULSTER             )

On this 26th day of February, in the year 2002, before me, the undersigned, personally appeared Leon Mehl, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies) as shown in the instrument, and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public/State of New York

R. CORDISCO
State of New York
02CO5041831
Orange County
Expires 5/03

-8-



| DATE | INVOICE | AMOUNT |
|------|---------|--------|
|      |         |        |
|      |         |        |
|      |         |        |
|      |         |        |

50-693/219

**MEHLON TRUCKING, INC.**
P.O. BOX 519  ORCHARD DRIVE
WALLKILL, NY 12589
845-895-2700

6336

PAY *Three Thousand* ——————————— *00/100* DOLLARS

| HRS | DATE | TO THE ORDER OF | GROSS | DESCRIPTION | CHECK NO | CHECK AMOUNT |
|-----|------|-----------------|-------|-------------|----------|--------------|
|     | 2/21/04 | N.Y.S. D.E.C. |    | SOC. SEC. / MED / FED WITH / STATE | 6336 | 3000.00 |

KeyBank National Association
WALLKILL, NY 12589

⑈"006336⑈"  ⑆021906934⑆:  14⑈"13083  19⑈"