# Exhibit "EEE" to
## Amended Verified Petition

# TOWN OF MONTGOMERY
110 BRACKEN ROAD
MONTGOMERY, NEW YORK 12549-2627



Fax (845) 457-2760
www.townofmontgomery.com

Building  (845) 457-2640
Planning  (845) 457-2643
Zoning    (845) 457-2644
Engineer  (845) 457-2642

July 26, 2006

Werner & Saffioti, LLP
5031 Route 9W
Newburgh, New York 12550

Attn: Joseph M. Saffioti, Esquire

Re: Mehlon Trucking - Kings Hill Road

Dear Mr. Saffioti:

The Planning Board is in receipt of your July 17, 2006 letter concerning the referenced Lands of Mehlon Trucking, Inc.

Enclosed please find copies of the determination by the Town of Montgomery Building Department, along with a letter from the Supervisor of the Town, with enclosures.

Very truly yours,

Anthony E. Trapini
Planning Board
Chairman

AET/sh
Enclosures
cc: Susan Cockburn, Supervisor

**Building Department**

# Memo

**To:** Susan Cockburn, Supervisor and Town Board Members

**From:** Debbie Walsh, Building Inspector

**CC:** Molly Miller, Town Clerk Rich Hoyt, Town Attorney

**Date:** March 16, 2005

**Re:** Mehlon Trucking – DEC Inquiry

---

I have reviewed the closed files regarding Mehlon Trucking and can not find any paper work for a final approval from the Planning Board issuing a SEU to operate any type of mining operation past or present. My review of the files was prompted by a letter the Town of Montgomery received from the NYSDEC requesting comments on the Mehlon DEC Mining permit application. Mehlon Trucking has not filed any new application with the Town of Montgomery at this time.

The file does show that the applicant, Mehlon Trucking, was seeking a SEU for a shale operation in August of 1988. The Planning Board at that time was calling it a temporary sand and gravel operation which would have been an incorrect description of the project.

Since no SEU was granted and the application was abandoned, Mehlon Trucking will be required to start from the beginning as a new application under today's zoning.

Today's zoning allows a temporary sand and gravel operation in all zones, but a quarry for shale removal is only allowed in the industrial zones. It is my opinion that Mehlon Trucking would be required to seek a use variance from the Zoning Board before placing an application to the Planning Board.

If there are any questions regarding this matter, please feel free to contact me.

1

TOWN OF MONTGOMERY
Supervisor's Office
March 17th, 2005

Alexander F. Cieslik, Jr.
NYSDEC
21 South Putt Corners Road
New Paltz, NY 12561-1696


RECEIVED MAR 21 2005 TOWN OF MONTGOMERY

RE: Mehlon Trucking
DEC#3-3342-00022-00005

Dear Mr. Ciesluk:

The Mehlon Trucking Inc. application to the DEC for the King's Hill Road Shale Mine and the subject of your Notice of Complete Application dated February 8, 2005, has been reviewed by the Town Board, Town Attorney, Town Engineer, Town Planner and Town Building Inspector. According to the Town Building Inspector's enclosed letter the proposed use is not allowed on this site in an RA-.5 zone by the Town of Montgomery Zoning Law. The property is located in the RA-.5 zoning district.

The use: "Quarry, mining, loading, hauling and/or processing of sand, gravel, shale or topsoil" is allowed in the ID, I-3, I-4 districts only by Special Use Permit. As a result, the proposed use which had been in operation some years ago would no longer be allowed in the Town of Montgomery.

However, should a zoning use variance be sought by the applicant and granted by the Town Zoning Board of Appeals and should the Planning Board then undertake a Special Use and Site Plan Review, the following concerns would have to be addressed.

TRRAFFIC/ROAD CONDITIONS (Not listed as an issue)
The applicant proposes a new haul road with improved site distances, but fails to indicate what the sight distances are or to discuss the fact that there are truck weight limits and concerns imposed by the NYCDEP in regard to crossing the Catskill Aqueduct directly west of the new entrance.

MINE LIMIT SETBACKS
The issue of separation between the use and adjacent residences is addressed as 300 feet in the case of temporary sand and gravel operations. There are no separation requirements for quarries and housing since shale quarries are not allowed in residential areas. While, the actual separation that exists would likely be adequate if such uses were allowed there is no consideration for the impacts of wells in the adjacent Town of Newburgh where the closest homes are located.

BARRIERS TO RESTRICT ACCESS
Gates are proposed at the entrance road which should be closed and locked when the site is not operational. Fences should be installed wherever there are steep grades near the mining areas.

DUST CONTROL

3-21-05

This area should be addressed and appears to also be a DEC concern. Keeping mud, dust and dirt off King's Hill Road is necessary and the basic separation of uses appear to be adequate dust control on site in addition to watering the haul road.

HOURS OF OPERATION
Hours of operation are 8:00 am to 4:30 pm Monday- Friday and 8:00 am to 3:30 pm on Saturday. We have no comment on the hours planned.

OTHER ISSUES
This proposal has several basic impacts. One is on the residents of Newburgh and Montgomery that live off of and along King's Hill Road. They will hear the trucks changing gears and moving slowly up the steep hill. Noise, road impacts and traffic must be addressed.

The second impact is on the resident's of King's Hill Drive off Route 300 in Newburgh. This cul-de-sac neighborhood is quiet and isolated. The woods and hill behind them should help offset the potential noise of the site. The houses appear to be about 600-800 feet away and 50 feet below the wooded hill, the ridge of which forms the border of the two towns. The blasting will be a concern where houses may be built on shale.

AN 80 x 80 building is shown only on 38 feet from the property line although the map shows a 50 foot separation. This must be clarified and would likely cause a use variance. It should be located farther from the lot line.

Page 3 of the report states the "Mined Land Use Plan has been developed to conform with the local regulations and zoning laws,....". How is that possible if the zoning in Montgomery does not allow the use?

Page 5 indicates 250,000 cubic yards per three year period or up to 1,250,000 cubic yards rather than 820,000. The mine life could extend to 2020.

Page 6 indicates trees, stumps and brush will be removed and chipped or turned into mulch on site. This is another use only allowed in other zones in Montgomery but not in this RA-.5 zoning district.

The report should be proof read to clean up errors. On page 14 it states Saturday hours are 8-3:30 and the next sentence says there are no Saturday operations rather than no Sunday operations.

There are no plans for the new site road and the plans for the existing road are from 1988-89. All of our substantive comments are offered only in the event that the applicant is able to obtain the use variance necessary to enable the Town of Montgomery Planning Board review. We need new plans and all plans for any portion of the site should be current and signed by Darren Doce, the new engineer.

Proposed access drive is to be located on Kings Hill directly across from Snowden but only after the mine is in operation for six (6) months.

There is significant detail and information on the existing drive across from King's Hill Circle as the access drive but none for the proposed drive adjacent to Snowden.

The plans have been submitted by Doce Associates, but many of the plan sheets are signed by Barry Cheney of Wehran. (Wehran Engineering is defunct.) Design responsibility should be clarified.

There is significant concern for the control of stormwater runoff. It has been our experience to witness flash flooding from this site into the King's Hill community where significant damage resulted. We believe significantly more work is required in the control of volume. We question some of the input selections for the TR-55 model. We suggest that the applicant's engineer revise the drainage report to conform to the Town's standard format discussed on the attached Planning Board memorandum. Use of the Town's standard forms will greatly assist our review. A detail map of the entire watershed is most appropriate in this case.

Truck traffic is estimated by Wehran Engineering (in 1988) at 20 trucks/day (14cy each). The revised plan does not make any reference to traffic. Traffic analysis should be conducted.

The new access road is to be completed in the early stages of Phase I, the report says six (6) months <u>after</u> mining operations begin.

The applicant should provide catalog cuts of the specific equipment to be used, including the screen, crusher, water mist equipment, and water tankage for on-site dust control.

It is our experience that this kind of activity, while in operation, does not maintain adequate dust control. The Board should consider some form of mitigation in this regard, perhaps an asphalt access road.

The noise analysis provided should be more comprehensive. A scaled map of the site and placement of the noise sources as well as the location of the nearest residences would be appropriate. The cumulative power from all the sources should be considered. Noise levels at the property line and at the nearest residence should be determined.

Thank you for allowing the Town of Montgomery to comment on this important matter.

Sincerely yours,

Susan L. Cockburn
Town of Montgomery Supervisor

Cc: Town Board Members
    Town of Montgomery Planning Board Members
    Debra Walsh, Building inspector

2 Enclosures

Page 4 - Technical Details Subdivision Checklist

    n.    A large note specifically worded as follows:

1. A Town of Montgomery Building Permit shall not be issued until the requirements of Standard Plan for Erosion and Sediment Control have been installed, and
2. Before any site disturbance, the owner/applicant shall locate and clearly mark the proposed sewage disposal field. This area shall remain free of disturbance until such time as the septic system is to be installed. Stripping of topsoil in this area is **strictly prohibited**.
3. The sanitary waste water disposal system installation for each lot shall be supervised by a licensed design professional and certified to the building department before a certificate of occupancy is issued.

    o.    The County of Orange requirement for the Engineer's standard certification for sanitary design.

    p.    If a town road is proposed, include the following note on page 1.

Construction of the roadway shall be conducted under the supervision of a licensed engineer and a licensed surveyor who shall certify to the Town Board and the Highway Superintendent that the roadway was constructed in conformance with the approved plans, and that suitable as built documentation shall be provided.

IV.    Storm Water Management, Erosion and Sediment Control.

    a.    Hydrology Analysis is to be provided as an addendum to the Engineer's Report.

1. A TR-55 analysis is to be used. Town of Montgomery data summary forms are provided as an attachment to this memo. They can be duplicated for use.
2. Depending on the size and scope of the project a NYSDEC SPDES permit for construction activities may be required. The engineer is referred to Fig. 3-1 of the NYS Storm water Design Manual. A note indicating whether or not a SPDES permit is required is to be placed on page 1. (See paragraph e.4 below.)