# Exhibit "LLL" to
## Amended Verified Petition

LAW OFFICES
# WERNER & SAFFIOTI, LLP
5031 ROUTE 9W
AT INTERSTATE 84
NEWBURGH, NEW YORK 12550

(845) 562-3500
FAX (845) 562-3117
FAX SERVICE NOT ACCEPTED

JEFFREY RUSSELL WERNER
(NY, MD, D.C. BAR)

JOSEPH M. SAFFIOTI
———————
MICHELLE ANDERSON

LOUIS WERNER
1917-2000

November 15, 2006

**_VIA CERTIFIED MAIL-RRR AND REGULAR FIRST CLASS MAIL_**
Anthony Trapini, Chairman
Town of Montgomery Planning Board
Montgomery Town Hall
110 Bracken Road
Montgomery, NY 12549

Re:  Special Exception Use Permit Application – Lands of Mehlon Trucking Inc.
Kings Hill Road, Town of Montgomery, New York

Dear Chairman Trapini:

As you are aware, this firm represents Mehlon Trucking, Inc. whose application for a Special Exception Use Permit for temporary removal of sand and gravel (the "Application") has been pending before the Planning Board.

The Application for the Special Exception Use Permit (the "Permit") was predicated upon the New York State Department of Environmental Conservation (the "DEC") issuing a mining permit for the site. On November 21, 2005, the DEC issued a mining permit for the site.

On July 17, 2006, Joseph M. Saffioti of this firm wrote to you and informed you that the DEC had issued a mining permit for the site. A copy of the mining permit was enclosed with his letter. He advised that the applicant wished to return to the Planning Board to finalize its application for a Permit and requested your review of the enclosed mining permit and asked when the applicant may reappear before the Planning Board.

By letter dated July 26, 2006, you wrote to Mr. Saffioti informing that you were in receipt of his July 17, 2006 letter. Your letter, however, did not respond to his inquiry as to when the applicant may return to the Planning Board to finalize its application for a Permit. Instead, your letter simply stated "Enclosed please find copies of the determination by the Town of Montgomery Building Department, along with a letter from the Supervisor of the Town, with enclosures."

The memorandum that was enclosed with your reply letter was dated March 16, 2005 and was from the Building Inspector to the Supervisor. It appears to be a basis for part of the Supervisor's letter that also was enclosed and dated March 17, 2005 to the DEC. The Supervisor's March 17, 2005

...
...

letter was submitted commenting negatively on the application to the DEC for the subject mining permit that has been issued.

The Building Inspector's March 16, 2005 memorandum, which in part is incorporated in the Supervisor's March 17, 2005 letter, provides in substance that:

> The file does show that the applicant, Mehlon Trucking, was seeking a SEU [Special Exception Use] for a shale operation in August of 1988. The Planning Board at that time was calling it a temporary sand and gravel operation which would have been an incorrect description of the project.
>
> Since no SEU was granted and the application abandoned, Mehlon Trucking will be required to start from the beginning as a new application under today's zoning.
>
> Today's zoning allows a temporary sand and gravel operation in all zones, but a quarry for shale removal is only allowed in the industrial zones. It is my opinion that Mehlon Trucking would be required to seek a use variance from the Zoning Board before placing an application to the Planning Board.

First, in response to your said July 26, 2006 letter and its enclosures, the applicant did not abandon the Application and the Building Inspector, in her March 16, 2005 memorandum, had no basis for concluding that the applicant had abandoned the Application. Indeed, the Supervisor's letter which was prepared to comment on the then pending DEC application for a mining permit does not mention that the applicant "abandoned" its Application.

I would bring to your attention that, during the previous 18 years, action on this application had been delayed due to, among other things, a claim that the subject portion of the property was actually located in an adjacent town, litigation by an adjacent property owner who claimed ownership of the property, the bankruptcy of the applicant's engineering company, and Planning Board inaction as lead agency under the SEQRA review for a DEC mining permit.

The Planning Board presently has pending before it the Application and the applicant is entitled to the Planning Board's determination to accept or reject it. Your July 26, 2006 letter conveys no such determination of the Planning Board. You are hereby requested to render a determination.

Second, we would urge the Planning Board to issue the Permit.

The Building Inspector's memorandum of March 16, 2005 correctly states that, "Today's zoning allows a temporary sand and gravel operation in all zones, but a quarry for shale removal is only allowed in the industrial zones." However, what she fails to state is that such had been the zoning law in 1988 when the Application was submitted and has been the zoning law ever since. Prior to filing the Application for a "shale mine" on part of the subject premises for a finite period of time, the Planning Board had directed the applicant to submit the application as a temporary sand and gravel operation and not as a quarry for shale. The applicant has followed that directive, relied upon it and has expended hundreds of thousands of dollars in relying on it. Even had such direction been

incorrect-and we are not suggesting that it was-during the past 18 years the Planning Board has ratified its action and cannot now be heard to suggest that such direction may have been incorrect.

Demand is hereby made of the Planning Board for a determination of the applicant's pending Application within twenty (20) calendar days. It appears clear to us that the Application must be granted and the Permit issued. If the Application is denied, it is the applicant's intention to commence an Article 78 proceeding and, inter alia, seek monetary damages for the Planning Board's malicious and bad faith intent to injure the applicant based on the substantive merit of its application and the Planning Board's actions.

I look forward to your response.

Very truly yours,
WERNER & SAFFIOTI, LLP

By: JEFFREY RUSSELL WERNER

JRW/rls
cc: Mehlon Trucking Inc., Attn: Leon Mehl



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Anthony Trapini, Chairman
Town of Montgomery Planning Board
Montgomery Town Hall
110 Bracken Road
Montgomery, NY  12549

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  a. Miller    ☐ Agent  ☐ Addressee

B. Received by (Printed Name)
H. Miller

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label)
   7006 0100 0000 9010 9043

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540